UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY D. BENION,

    Plaintiff,

v.

CASE No. 18-13191
HONORABLE VICTORIA A. ROBERTS

J. BUSH, P. ALLEN, K. CARGOR,
HAWKINS, ADW MALLOY,
D. HOWE, JUDY CRUSENBURY,
NATHANAL SMITH, and JANE or
JOHN DOE,

    Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

### **I. Introduction**

State prisoner Harry D. Benion filed a *pro se* civil rights complaint for money damages on October 12, 2018. The defendants are state employees at the Charles Egeler Reception and Guidance Center ("the Center" or "the Egeler Center") in Jackson, Michigan. J. Bush is the warden; P. Allen is the deputy warden of housing; K. Cargor is an intake deputy warden; Hawkins is a grievance coordinator; Malloy is an assistant deputy warden; D. Howe is a counselor; Judy Crusenbury is the medical supervisor; Nathanal Smith is a classification official; and John or Jane Doe, is the Director of Classification.

Although Plaintiff states on the face of his complaint that he resides at the G. Robert Cotton Correctional Facility in Jackson, Michigan, he alleges in his statement of facts that he has been confined at the Egeler Center for "85 days and counting." *See*

Compl., ECF No. 1, PageID. 1, 4. Plaintiff further alleges that he is extremely fearful for his life because he has been housed with numerous dangerous criminals, such as "lifers," murderers, rapists, and "even some super max prisoners who might one day decide to go on a killing spree" at the Center. *Id.*, PageID. 4. On August 15, 2018, he allegedly heard an inmate threaten to kill a correctional officer. *Id.* As a result, he is "extremely terrified for [his] own life and safety." *Id.* He seeks to hold the defendants liable because they have a custom or policy of placing dangerous prisoners with low-risk offenders like him. *Id.*, PageID. 5.

## II. Legal Framework

The Court allowed Plaintiff to proceed without prepaying the fees and costs for this action. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A civil rights plaintiff must prove two elements to prevail on a claim under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. Analysis

Although Plaintiff does not allege that the defendants are violating his constitutional rights, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). The Amendment requires prison officials to " 'take reasonable measures to guarantee the safety of . . . inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)). A prison official violates the Eighth Amendment, however, only when (1) the deprivation alleged is sufficiently serious and (2) the prison official has a sufficiently culpable state of mind. *Id.* at 734.

Plaintiff alleges that he is incarcerated with dangerous criminals and that he fears for his life, but he has not alleged that he suffered any harm due to the defendants'

alleged practice of housing dangerous criminals with low-risk criminals. "[W]hile a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, he must establish that he reasonably feared such an attack." *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Marsh v. Arn,* 937 F.2d 1056, 1062 n. 5 (6th Cir.1991) (citing *Martin v. White,* 742 F.2d 469, 474 (8th Cir.1984)).

Plaintiff's fear of an attack is unreasonable because it does not appear that he is currently confined at the Egeler Center or that he was confined there when he filed his complaint. Plaintiff also has failed to establish that he reasonably feared for his safety while he was confined at the Center, because he has not alleged that there was any prior physical violence among the inmates at the Center. *See Wilson v. Seiter,* 893 F.2d 861, 865 (6th Cir.1990) ("The absence of allegations of prior physical violence involving any inmate supporting appellants' claims leads us to conclude that their fear is not reasonable."), *vacated on other grounds*, 501 U.S. 294 (1991). Plaintiff has not met even "the minimal burden of showing a sufficient inferential connection between the classification system [at the Egeler Center] and inmate violence to justify a reasonable fear for personal safety." *Thompson*, 29 F.3d at 243.

The Court, therefore, summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a plausible claim for relief under the Eighth Amendment. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS ORDERED.

                                                  s/ Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: 2/8/19